## Case No. 4,483.

ENEAS v. The CHARLOTTE MINERVA.

[39 Hunt, Mer. Mag. 73.]

District Court, S. D. New York. April, 1858.

Benedict, Burr & Benedict, for libelant.
Larocque & Barlow, for sheriff.

HELD BY THE COURT: That the sheriff is a competent party to intervene in this action, upon his official interest and possession in respect to the vessel, and claim the proceeds in the registry of the court. The Panama [Case No. 10,703]. That the bond, though anomalous and singular in its provisions, yet in substance constitutes a maritime hypothecation of the vessel for a particular voyage and a specific period beyond its termination, and the money so loaned has been put in risk under the contract. That this lien is paramount to and supersedes the attachment of the sheriff. That the remedy in this court might be lost for want of definiteness and certainty in the bond, or by laches of the bottomry creditor. That a bottomry loan is equally valid when made on the lapse of a definite period of time, as if on the expiration of a specific voyage. That the loan need not be for the necessities of the vessel, or cargo, or voyage. When the bond is made by the owner, he may employ the money at his discretion, and pledge the ship for its security, the lender retaining his lien so long as the ship bears the risk. That there was no laches in the delay of a few weeks after the libelant's right of action was matured, which can impair his remedy. Nor does the prior attachment of a junior lien creditor supersede his right. Decree for libelant for $4,000, with the marine interest thereon to August 15th, and interest at 7 per cent. from that date, and costs.